UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY JACKSON-EL,

        Plaintiff,                                                 Hon. Paul L. Maloney

v.                                                              Case No. 1:11-cv-53

JOSEPH G. SCOVILLE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff initiated this matter on January 14, 2011, against the Honorable Joseph G. Scoville. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

        As the Supreme Court more recently held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

On December 20, 2010, Judge Scoville issued a Report and Recommendation in which he recommended that a separate action initiated by Plaintiff be dismissed on the ground that the Court lacked subject matter jurisdiction. *Jackson v. Fifth Third Bank, Kentucky, Inc.*, 1:10-cv-1105, dkt. #9 (W.D. Mich.). In this Report, Judge Scoville observed that "[t]he present complaint is one of six frivolous lawsuits brought by Mr. Jackson in the past several months." *Id.* Plaintiff initiated the present action asserting that this particular statement violated his due process rights. Plaintiff requests monetary damages of five hundred thousand dollars ($500,000).

Plaintiff's complaint is subject to dismissal for at least two reasons. First, Judge Scoville enjoys absolute judicial immunity for actions taken in his capacity as a judge. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). Judge Scoville clearly made the comment in question in his judicial capacity. Furthermore, the facts alleged in Plaintiff's complaint, even if accepted as true, "do not permit the court to infer more than the mere possibility of misconduct." Accordingly, the undersigned recommends that Plaintiff's action be dismissed.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 7, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge